UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                           )
                                 )    Chapter 7
MICHAEL P. DONOHUE               )
                                 )    Bankruptcy No. 05-01651
     Debtor.                     )

**ORDER RE: APPLICATION FOR AN ORDER
TO SHOW CAUSE**

This matter came before the undersigned on October 4, 2006 on Debtor's Application for an Order to Show Cause. Debtor Michael Donohue appeared with his attorney, Thomas McCuskey. Assistant Linn County Attorney Jeffrey Clark appeared on behalf of Creditor Linn County. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor seeks a determination that Linn County improperly made attempts to collect a debt postdischarge. Linn County asserts its claim, based on jail room and board fees, was not discharged in Debtor's Chapter 7 case.

**FINDINGS OF FACT**

Debtor filed his Chapter 7 petition on April 14, 2005 and received his bankruptcy discharge on July 28, 2005. On Schedule F, Debtor includes as unsecured creditors Linn County Clerk of Court, with a claim in an unknown amount, and Linn County Sheriff with a claim of $2,690. Prior to filing for bankruptcy relief, Debtor owed the Linn County Sheriff $2,700 for room and board reimbursement of $60 per day after serving 45 days in the Linn County Jail for violation of probation.

Debtor was discharged from probation on May 24, 2005, but remained liable for all unpaid sums in the case. The Linn County Clerk of Court sent Debtor a notice of failure to pay fine on May 30, 2006. The Iowa Department of Revenue sent a letter dated 7/11/06 asking for payment of the court debt within 10 days.

Linn County argues that Debtor's room and board reimbursement is excepted from discharge under § 523(a)(7). Debtor believes the debt was discharged and asks that Linn County be held in contempt for violating the discharge injunction under

§ 727(b).  Linn County denies any willful violation of the discharge injunction.

## CONCLUSIONS OF LAW

Under the Bankruptcy Code, a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a government unit" is excepted from discharge if it "is not compensation for actual pecuniary loss."  11 U.S.C. § 523(a)(7).  Thus, the three requirements for a nondischargeable debt under this provision are: (1) a "fine, penalty, or forfeiture"; (2) "payable to and for the benefit of a governmental unit"; and (3) that is "not compensation for actual pecuniary loss."  Kelly v. Robinson, 479 U.S. 36, 51 (1986).

The Supreme Court has given this exception from discharge a broad reading to include all penal sanctions.  Kelly, 479 U.S. at 50.  It applies to all criminal and civil penalties, even restitution to injured private citizens.  United States Dep't of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Management, 64 F.3d 920, 927 (4th Cir. 1995).  So long as the government's interest in enforcing the debt is penal, the debt is within the § 523(a)(7) exception from discharge.  Id.

The most obvious debts excepted from discharge under § 523(a)(7) are criminal fines.  Restitution ordered by a state court as part of a criminal sentence is likewise within the § 523(a)(7) exception from discharge.  Kelly, 479 U.S. at 53; United States v. Vetter, 895 F.2d 456, 459 (8th Cir. 1990) (applying Kelly to federal criminal restitution orders); In re Everly, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) (holding unpaid restitution from burglary charge was excepted from discharge). Iowa appellate courts have acknowledged this conclusion.  State v. Wagner, 484 N.W.2d 212, 216 (Iowa App. 1992); State v. Mayberry, 415 N.W.2d 644, 646 (Iowa 1987).

Court costs assessed as part of a criminal sentence are also excepted from discharge under § 523(a)(7).  In re Thompson, 16 F.3d 576, 581 (4th Cir. 1994).  This is true even though the costs are not considered penal in nature outside of bankruptcy law.  Id. at 578.  Thompson reasoned that since the debtor's parole was contingent on payment of court costs and such costs are assessed only against convicted criminal defendants, they constitute a part of the criminal sentence.  16 F.3d at 581. Court costs are not considered compensation for actual pecuniary loss.  In re Zarzynski, 771 F.2d 304, 306 (7th Cir. 1985).  They can be viewed as part of the penalty even though measured by the extent of the costs of prosecution.  Id.

In this case, Linn County's claim arises from jail room and board costs assessed against Debtor as the result of probation revocation in Debtor's OWI case. Such costs are provided for in Iowa Code sec. 910.2, titled "Restitution or community service to be ordered by sentencing court," which states in pertinent part:

> In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 9, paragraph "b", <u>court costs including correctional fees approved pursuant to section 356.7</u>, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, or contribution to a local anticrime organization.

(emphasis added). Also relevant is Iowa Code sec. 356.7, which states, in pertinent part:

> 1. The county sheriff . . . may charge a prisoner who is eighteen years of age or older and who has been convicted of a criminal offense . . . for the actual administrative costs relating to the arrest and booking of that prisoner [and] for room and board provided to the prisoner while in the custody of the county sheriff . . . Moneys collected by the sheriff or municipality under this section shall be credited respectively to the county general fund . . . and distributed as provided in this section.
>
> . . .
>
> 5. Of the moneys collected and credited to the county general fund as provided in this section, sixty percent of the moneys collected shall be used for the following purposes:
>
>  a. Courthouse security equipment and law enforcement personnel costs.

>    b. Infrastructure improvements of a jail,
> including new or remodeling costs.
>
>    c. Infrastructure improvements of juvenile
> detention facilities, including new or remodeling
> costs.

Iowa Code § 356.7(1) and (5). Debtor notes that the Iowa Supreme Court has stated that the purpose of this statute is "to assist the county in recovering the costs incurred for housing and feeding prisoners during jail stays." State v. Jackson, 601 N.W.2d 354, 356 (Iowa 1999).

While no court has yet considered these sections of the Iowa Code as they relate to § 523(a)(7) dischargeability, the Court is aware of two cases which find that repayment of the cost of incarceration constitutes a debt excepted from discharge. In In re Maxwell, 229 B.R. 400, 405 (Bankr. W.D. Ky. 1998), the court decided a debt under an order to pay costs of confinement in the debtor's DUI case was nondischargeable under § 523(a)(7). The debtor argued the debt was designed to compensate the government for actual pecuniary loss, rather than being in the nature of a fine or penalty. Id. at 402. The court concluded the Kentucky legislature intended for the cost of incarceration imposed under the relevant statute to be penal in nature, rather than compensatory. Id. at 405. In In re Neil, 131 B.R. 142, 143 (Bankr. W.D. Mo. 1991), the court also considered whether a fine, including costs of incarceration, was penal in nature. The court concluded the debt was excepted from discharge under § 523(a)(7) as it was imposed in furtherance of society's interest in rehabilitation and punishment, which interest underlies the criminal statutes involved. Id.

### ANALYSIS

Under the relevant Iowa statutes, a county's claim for room and board reimbursement is labeled both as "court costs" and as "restitution." Iowa Code § 910.2. Both court costs and restitution clearly fall within the § 523(a)(7) exception to discharge for "a fine, penalty or forfeiture." There is no dispute that the debt is payable to and for the benefit of a governmental unit, i.e. Linn County.

The final element of § 523(a)(7) Linn County must prove is that the debt is not compensation for actual pecuniary loss. Under Kelly and Thompson, restitution and court costs ordered in criminal proceedings are considered penal in nature, rather than compensatory, even though measured in part by the extent of a

4

victim's loss or expenses of prosecution.  Like most court costs, a claim in Iowa for room and board reimbursement can only be assessed against convicted criminal defendants.  Iowa Code sec. 356.7(5) directs distribution of moneys collected from this type of claim.  Sixty percent of the collections are used for specific purposes, which do not include reimbursing the county for the specific costs of the criminal defendant's incarceration.

The Court concludes that Linn County's claim for room and board reimbursement is excepted from discharge.  The claim is a fine or penalty that is not compensation for actual pecuniary loss.  As the claim is excepted from discharge, Linn County's attempts to collect the debt postdischarge did not violate the discharge injunction.  As such, Debtor's Application for an Order to Show Cause must be denied.

This issue comes to the Court in a somewhat unusual posture. Determinations of dischargeability of a debt are normally made through adversary proceedings.  Counsel for the parties acknowledged this at the hearing.  After discussion, both parties agreed that the Court should determine the applicability of § 523(a)(7) to these facts without the need to file an adversary complaint.  Therefore, it is appropriate to determine dischargeability of the debt under § 523(a)(7) in conjunction with Debtor's Application regarding Linn County's alleged violation of the discharge injunction in the interests of judicial economy.

**WHEREFORE**, Linn County's claim for jail room and board costs is excepted from discharge under § 523(a)(7).

**FURTHER**, as this debt was not included in Debtor's discharge, Debtor's Application for an Order to Show Cause for violation of the discharge injunction is DENIED.

DATED AND ENTERED: OCTOBER 16, 2006

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE